[Cite as *State v. Burrie*, 2026-Ohio-3098.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. CT2026-0015 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0314 |
| RYLAN BURRIE | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: August 11, 2026 |

**BEFORE:** William B. Hoffman; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** Joseph A. Palmer, Muskingum County Prosecutor's Office, Assistant Prosecuting Attorney, Appellate Division, for Plaintiff-Appellee; Christopher Bazeley, for Defendant-Appellant.

*Hoffman, P.J.*

{¶1}  Defendant-Appellant Rylan Burrie appeals his convictions on three counts of Aggravated Trafficking of Drugs, one count of Trafficking of Drugs, three counts of Aggravated Possession of Drugs, and one count of Possession of Drugs, following a jury trial in the Muskingum County Common Pleas Court. Plaintiff-Appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2}    On April 30, 2025, Appellant Rylan Burrie was indicted on eight drug related charges: Count One: Aggravated Trafficking of Drugs (Methamphetamine), in violation of R.C. §2925.03(A)(2), a first-degree felony; Count Two: Aggravated Possession of Drugs (Methamphetamine), in violation of R.C. §2925.11(A), a first-degree felony; Count Three: Trafficking in Drugs (Cocaine), in violation of R.C. §2925.03(A)(2), a first-degree felony, Possession of Drugs (Cocaine), in violation of R.C. §2925.11(A), a first-degree felony; Count Five: Aggravated Trafficking of Drugs (Psilocybin), in violation of R.C. §2925.03(A)(2), a third-degree felony; Count Six: Aggravated Possession of Drugs (Psilocybin), in violation of R.C. §2925.11(A), a third-degree felony; Count Seven: Aggravated Trafficking of Drugs (Hydrocodone), in violation of R.C. §2925.03(A)(2), a third-degree felony; and, Count Eight: Aggravated Possession of Drugs (Hydrocodone), in violation of R.C. §2925.11(A), a third-degree felony. All counts contained Firearm Specifications and Foreclosure of Property Specifications. Counts One and Two also contained Major Drug Offender Specifications.

{¶3}    Appellant's charges arose after police officers executed a search warrant on the apartment where he stayed with his girlfriend Tiffany Thorpe and her children, and found large amounts of cocaine, methamphetamine, hydrocodone and psilocybin (mushrooms). The affidavit to obtain the search warrant contained a statement allegedly made by Tiffany Thorpe saying she saw Appellant use drugs "while at her apartment."

{¶4}    At his arraignment, Appellant entered a plea of not guilty and the matter was set for jury trial.

{¶5}    On September 9, 2025, Appellant filed a Motion to Suppress.

{¶6} On September 23, 2025, the trial court held a hearing on Appellant's motion to suppress. During the hearing, the state presented testimony and evidence from Deputy Tanner Vogelmeier, Detective Sergeant Matt Wilhite, Detective Hayden Walpole and Deputy Cody Kelly.

{¶7} By Judgment Entry filed September 24, 2025, the trial court denied Appellant's motion to suppress, finding the inclusion of the words "while at her apartment" by the officer was not intentional and was believed to be accurate by the officer at the time he requested the warrant. The trial court also found probable cause still existed to grant the search warrant after excising those words from the affidavit.

{¶8} A jury trial was held on December 16-17, 2025. At the close of the State's case, Appellant moved for judgment of acquittal pursuant to Crim.R. 29(A), which the court overruled. The jury convicted Appellant on all counts and all specifications as contained in the Indictment. By Judgment Entry filed February 9, 2026, the trial court sentenced Appellant to a consolidated indefinite term of incarceration of twenty-nine (29) to thirty-four and one-half years (34 ½).

{¶9} Appellant now appeals, assigning the following errors for review:

I. THE TRIAL COURT ERRED WHEN IT OVERRULED BURRIE'S MOTION TO SUPPRESS.

II. THE TRIAL COURT ERRED IN OVERRULING BURRIE'S CRIM. R. 29 MOTION.

I.

Motion to Suppress

**{¶10}** Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 2003-Ohio-5372, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See *State v. Dunlap*, 1995-Ohio-243; *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See *Burnside* at ¶ 8. However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. Id., citing *State v. McNamara*, 124 Ohio App.3d 706, 707 (4th Dist. 1997); See, generally, *United States v. Arvizu*, 534 U.S. 266 (2002); *Ornelas v. United States*, 517 U.S. 690 (1996). That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review. *Ornelas* at 697. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." Id. at 698.

**{¶11}** It is pursuant to this standard we review Appellant's first assignment of error.

**{¶12}** The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. *Katz v. United States*, 389 U.S. 347, 357 (1967).

**{¶13}** Pursuant to the Fourth Amendment, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to

be seized." In asserting a Fourth Amendment violation, the defendant must show a reasonable expectation of privacy; the expectation must be justified under the circumstances when viewed objectively. *State v. Diaw*, 2025-Ohio-2323, ¶ 12, quoting *Smith v. Maryland*, 442 U.S. 735, 740 (1979), quoting *Katz v. United States*, 389 U.S. 347, 353 (1967).

{¶14} Appellant argues the trial court erred in finding a statement included in the affidavit for the search warrant asserting Appellant used drugs in the apartment did not amount to a "false allegation recklessly made".

{¶15} An affidavit supporting a search warrant must contain particular facts and circumstances demonstrating probable cause so the judicial officer may independently determine whether probable cause exists. *Franks v. Delaware*, 438 U.S. 154, 165 (1978).

{¶16} Affidavits produced in support of a search warrant are presumably valid. *State v. Taylor*, 2007-Ohio-7066, ¶ 12 (1st Dist.). To overcome this presumption Appellant must prove, by a preponderance of the evidence, the officer intentionally included false statements in his affidavit with reckless disregard for the truth. *State v. Harrington*, 2009-Ohio-5576, ¶ 8 (1st Dist.). Appellant must also show, without the false statement, the affidavit is insufficient to establish probable cause. *Id.*

{¶17} Here, the affidavit used to secure the search warrant included a statement asserting Appellant's girlfriend said he used drugs "while at her apartment." (Supp. T. at 50). The State of Ohio concedes this statement was incorrect. The officers who testified at the suppression admitted this was an incorrect statement but explained they had difficulty communicating information from the scene to the officer who was seeking the warrant due to the remoteness of the location and the lack of adequate radio and cell phone service. (Supp. T. at 15, 16, 24, 54). The officer who signed the affidavit testified he did not learn of the

inaccuracy of the statement until after the search warrant had been signed and executed, and he believed it to be accurate at the time he requested the search warrant.

{¶18} In its September 24, 2025, Decision Entry, the trial court found, when excising the words "while at her apartment" from the affidavit, probable cause still existed to grant the search warrant. In addition to the errant statement, the probable cause portion of the affidavit in support of the warrant contained statements made by another drug trafficker, against his own penal interest, naming Appellant as his supplier and stating he personally observed what appeared to be a half pound of methamphetamine and a few ounces of cocaine at Appellant's apartment. These statements were corroborated with text messages to a confidential informant used to make the controlled drug buys in this case. Additionally, Appellant's girlfriend did say she witnessed him with small amounts of narcotics. She just did not say he was in her apartment when she saw him with the drugs.

{¶19} In this case, we find the trial court's conclusion the officer did not intentionally include false statements in his affidavit with reckless disregard for the truth is supported by the record and further agree with its conclusion probable cause existed to support the search warrant without the incorrect statement.

{¶20} Alternatively, the "good faith exception" to the exclusionary rule is set forth in *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984), and was adopted by the Ohio Supreme Court in *State v. Wilmoth*, 22 Ohio St.3d 251, 22 Ohio B. 427, 490 N.E.2d 1236 (1986). Under the "good faith exception," the exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral

magistrate but ultimately found to be unsupported by probable cause. *See State v. George*, 45 Ohio St.3d 325, 330, 544 N.E.2d 640 (1989), citing *Leon, supra* at 918-23.

{¶21} This Court has previously pointed out, "when police act in an objectively reasonable manner in executing a search believed in good faith to be legal, there is no bad conduct to deter," the good faith exception to the exclusionary rule is available to the state. *State v. Wharton*, 2025-Ohio-4485, ¶ 17 (5th Dist.), quoting *State v. Dibble*, 2020-Ohio-546, ¶ 16.

{¶22} The Court in *Dibble* also held, "the exclusionary rule should not be applied in situations in which an officer has relied in good faith on a warrant issued by a neutral and detached magistrate or judicial officer, notwithstanding the fact that the warrant is later found to be invalid." *Dibble* at ¶ 17-18, citing *Leon* 468 U.S. at 913, 919 (as the exclusionary rule's purpose is to deter unlawful police conduct, evidence is suppressed "only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment").

{¶23} Upon review, we find no error in the trial court's decision to deny Appellant's motion to suppress.

{¶24} Appellant's first assignment of error is overruled.

II.

Crim.29 Motion for Acquittal

{¶25} When reviewing a trial court's denial of a Crim. R. 29(A) motion for acquittal, an appellate court considers whether the evidence presented at trial was legally sufficient to sustain the conviction. *State v. Williams*, 1996-Ohio-91 (1996); *State v. Carter*, 1995-Ohio-104 (1995); *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991), *superseded by constitutional amendment on other grounds as stated in State v. Smith*, 1997-Ohio-355 (1997); see also *State v. Robertson*, 2022-

Ohio-905, ¶ 15 (5th Dist.); *State v. Pearce*, 2017-Ohio-8386, ¶ 11 (5th Dist.) *State v. Stacy*, 2025-Ohio-4491, ¶ 22 (5th Dist.).

{¶26} Pursuant to Crim.R. 29(A), a court "shall order the entry of the judgment of acquittal of one or more offenses * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." Because a Crim.R. 29 motion questions the sufficiency of the evidence, "[w]e apply the same standard of review to Crim.R. 29 motions as we use in reviewing the sufficiency of the evidence." Whether the evidence is legally sufficient to sustain a verdict is a question of law. *Id.* at ¶ 38, *citing State v. Thompkins, supra.* "Sufficiency is a test of adequacy." *Id.* "We construe the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt." *Id., citing State v. Jenks*, paragraph two of the syllabus.

{¶27} Appellant argues the state failed to produce sufficient evidence of chain of custody.

{¶28} "When a defendant challenges the sufficiency of the evidence, [he or] she is arguing that the State presented inadequate evidence on an element of the offense to sustain the verdict as a matter of law." *State v. Matthews*, 2018-Ohio-2424, ¶ 7 (2d Dist.), citing *State v. Hawn*, 138 Ohio App. 3d 449, 471 (2nd Dist. 2000). " 'An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable

doubt.' " *Id.*, quoting *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier-of-fact." *State v. Dennis*, 1997-Ohio-372, citing *Jenks* at 503.

{¶29} Appellant was convicted of Trafficking and Aggravated Trafficking in Drugs, in violation of R.C. §2925.03(A)(2) and Possession and Aggravated Possession of Drugs, in violation of R.C. §2925.11(A), which provide in relevant part:

R.C. §2925.03 <u>Trafficking, Aggravated Trafficking in Drugs</u>

(A) No person shall knowingly do any of the following:

(1) Sell or offer to sell a controlled substance or a controlled substance analog;

(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

\*\*\*

(C) Whoever violates division (A) of this section is guilty of one of the following:

(1) If the drug involved in the violation is any compound, mixture, preparation, or substance included in schedule I or schedule II, with the exception of marihuana, cocaine, L.S.D., heroin, any fentanyl-related

compound, hashish, and any controlled substance analog, whoever violates division (A) of this section is guilty of aggravated trafficking in drugs. ***

R.C. §2925.11 <u>Possession of Drugs</u>

(A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

***

(C) Whoever violates division (A) of this section is guilty of one of the following:

(1) If the drug involved in the violation is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, cocaine, L.S.D., heroin, any fentanyl-related compound, hashish, and any controlled substance analog, whoever violates division (A) of this section is guilty of aggravated possession of drugs. ***

{¶30} At trial, the State presented evidence of cocaine, methamphetamine, hydrocodone, psilocybin, numerous firearms and over $7,040.00 in U.S. currency plus coins, and gold and silver bars being located at the apartment Appellant shared with his girlfriend.

{¶31} It is well established cocaine, methamphetamine, hydrocodone and psilocybin are controlled substances. *See* R.C. §2925.01(A), §3719.01(C), and §3719.41; *see also* 21 U.S.C.A. § 812.

{¶32} Appellant argues his drug convictions were not supported by sufficient evidence because the State failed to prove a clear chain of custody for the drugs. " ' A chain of custody is part of the authentication and identification mandate set forth in [Evid.R. 901],

and the state has the burden of establishing the chain of custody of a specific piece of evidence before it can be admitted at trial.' " *State v. Ayers*, 2013-Ohio-5337, ¶ 10 (2nd Dist.), quoting *State v. Rodriguez*, 2006-Ohio-2121, ¶ 16 (6th Dist.). "In order to meet its burden in establishing the chain of evidence, 'the state need only establish that it is reasonably certain that substitution, alteration, or tampering did not occur.' " *State v. Rajchel*, 2003-Ohio-3975, ¶ 21 (2nd Dist.), quoting *State v. Qualls*, 1997 Ohio App. LEXIS 2489, 1997 WL 311634, *5 (2nd Dist. June 6, 1997); *accord State v. Maranger*, 2018-Ohio-1425, ¶ 74 (2nd Dist.). " '[T]he State [is] not required to prove a perfect, unbroken chain of custody.' " *State v. Gross*, 2002-Ohio-5524, ¶ 57, quoting *State v. Keene*, 1998-Ohio-342; *accord State v. Jordan*, 2016-Ohio-603, ¶ 52 (2nd Dist.). Under these principles, " '[a] strict chain of custody is not always required in order for physical evidence to be admissible.' " *Gross* at ¶ 57, quoting *State v. Wilkins*, 64 Ohio St. 2d 382, 389 (1980); *accord State v. Ramos*, 2019-Ohio-3588, ¶ 24 (2nd Dist.).

{¶33} Importantly, " '[b]reaks in the chain of custody go to the weight of the evidence, not to its admissibility.' " *State v. Wiley*, 2012-Ohio-512, ¶ 13 (2nd Dist.), quoting *State v. High*, 2001-Ohio-3530 (7th Dist. 2001). Because "a break in the chain of custody goes to the credibility or weight of the evidence, and not its admissibility, chain of custody is not an appropriate consideration on a claim that the State presented insufficient evidence to allow a rational trier of fact to find the elements of the crime proven beyond a reason [sic] doubt." *State v. Bazler*, 2018-Ohio-5306, ¶ 11 (5th Dist.), quoting *State v. Bias*, 2002-Ohio-4539, ¶ 12 (5th Dist.); *accord State v. Corder*, 2012-Ohio-1995, ¶ 9 (4th Dist.).

{¶34} Appellant did not object to the admission of the drug evidence at trial nor did he challenge its admissibility as plain error on appeal. Because of this, and because any alleged

deficiencies or irregularities in the chain of custody go to the weight of the drug evidence, Appellant's sufficiency of the evidence argument is inappropriate and thus not well taken.

{¶35}  Appellant's second assignment of error is overruled.

{¶36}  The judgment of the Muskingum County Court of Common Pleas is affirmed.

{¶37}  Costs to Appellant.


By: Hoffman, P.J.

Montgomery, J. and

Popham, J. concur.